**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4150**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

CHARLES GILLIAM, JR., a/k/a Big Head Charlie, a/k/a Big C, a/k/a Chuck,

       Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:16-cr-00429-CCB-1)

Submitted: March 22, 2021                        Decided: April 1, 2021

Before MOTZ and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Kenneth E. McPherson, KENNETH E. MCPHERSON, CHTD, Fulton, Maryland, for Appellant. Derek Edward Hines, Leo Joseph Wise, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Gilliam, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The district court sentenced Gilliam to 210 months of imprisonment and 5 years of supervised release. In announcing the terms of supervised release, the court only specified a few "special" conditions of supervised release. However, in its written judgment, the district court included several "mandatory" conditions of supervised release and 13 "standard" conditions of supervision, which the court did not announce during the sentencing hearing. The "mandatory" conditions are those required by 18 U.S.C. § 3583(d), and the "standard" conditions are those recommended by U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018), and included in the standard "Judgment in a Criminal Case" form, AO 245B.

On appeal, Gilliam's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for review. Although notified of his right to do so, Gilliam did not file a pro se supplemental brief. We ordered supplemental briefing for the parties to address whether, in light of our decision in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), the discretionary "standard conditions" of supervision imposed in the written judgment render the judgment inconsistent with the sentence orally pronounced by the district court at sentencing. We now affirm Gilliam's conviction, vacate his sentence, and remand for resentencing.

Pursuant to *Anders*, we briefly review Gilliam's guilty plea. Because Gilliam did not move to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11

2

hearing for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* In the plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted). If Gilliam makes this showing, "we retain the discretion to correct [the] error but will do so only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Lockhart*, 947 F.3d at 191 (internal quotation marks omitted).

The district court erred in failing to advise Gilliam that he faced a 10-year mandatory minimum sentence for violating 21 U.S.C. § 841(b)(1)(A). *See* Fed. R. Crim. P. 11(b)(1)(I); *United States v. Good*, 25 F.3d 218, 223 (4th Cir. 1994). Thus, the first two prongs of plain error are met in this case. *See Lockhart*, 947 F.3d at 192. However, we conclude that this error did not affect Gilliam's substantial rights. *See United States v. Massenburg*, 564 F.3d 337, 343-44, 346 (4th Cir. 2009).

Turning to Gilliam's sentence, we review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *Rogers*, 961 F.3d at 295-96. The district court's exclusion of the mandatory conditions from the oral pronouncement of the sentence, while not best practice, is not reversible error because those conditions are necessarily part of any term of supervised release. *See id.* at 296 ("A district court need not orally pronounce mandatory conditions at sentencing, and their appearance in a subsequent judgment will not create a conflict.").

3

However, the same cannot be said for the court's exclusion of the standard conditions. *See id.* ("[A]ll non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing.").

The Government concedes that the district court erred under *Rogers* but argues that we need not vacate the entire sentence; it has filed a motion for a limited remand, asking us to vacate the standard supervised release conditions so that Gilliam may have an opportunity to object. However, we recently clarified that the appropriate remedy when the district court fails to announce the discretionary conditions of supervised release is to vacate the sentence and remand for a full resentencing hearing. *See United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. Therefore, we affirm Gilliam's conviction, vacate his sentence, and remand for resentencing. We deny the Government's motion for a limited remand.

This court requires that counsel inform Gilliam, in writing, of the right to petition the Supreme Court of the United States for further review. If Gilliam requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gilliam. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*